Page 2

2:07-CV-224 WKW

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF**
**HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| United States District Court | District | Middle |
|---|---|---|

| Name (under which you were convicted): Jason Dooley | Docket or Case No.: ~~CC-00-309~~ |
|---|---|
| Place of Confinement: Staton Corr | Prisoner No.: 238368 |

| Petitioner (include the name under which you were convicted) Jason Dooley | v. | Respondent (authorized person having custody of petitioner) Richard Allen Prison Comm. Leon Forniss    Warden |
|---|---|---|
| The Attorney General of the State of Hon Troy King ESQ, | | Hon Troy King Attorney general |

**PETITION**

1.  (a) Name and location of court that entered the judgment of conviction you are challenging: _____
    Marion County Circuit Court P.O. Box 1596 Hamilton, Al 35570
    Twenty Fifth Judicial Circuit

    (b) Criminal docket or case number (if you know): CC-00-309
2.  (a) Date of the judgment of conviction (if you know): Nov 19-2003
    (b) Date of sentencing: March 16 2004
3.  Length of sentence: 10 years
4.  In this case, were you convicted on more than one count or of more than one crime?    Yes ☐    No ☑
5.  Identify all crimes of which you were convicted and sentenced in this case: Sexual Abuse 1st

    _____
    _____
    _____
    _____

6.  (a) What was your plea? (Check one)
    (1)    Not guilty ☑            (3)    Nolo contendere (no contest) ☐
    (2)    Guilty ☐               (4)    Insanity plea ☐

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? _____

_____

_____

_____

_____

_____

(c) If you went to trial, what kind of trial did you have? (Check one)

    Jury ☑        Judge only ☐

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

    Yes ☑ No ☐

8. Did you appeal from the judgment of conviction?

    Yes ☑ No ☐

9. If you did appeal, answer the following:

(a) Name of court: Marion County circuit Court 25th Circuit

(b) Docket or case number (if you know): CC-00-309

(c) Result: denied

(d) Date of result (if you know): April 22 2004

(e) Citation to the case (if you know): _____

(f) Grounds raised: 1) Trial Court judge left during proceeding
           2) Ineffective assistance of counsel

_____

_____

_____

_____

(g) Did you seek further review by a higher state court?    Yes ☑ No ☐

If yes, answer the following:

(1) Name of court: Court Of Criminal Appeal

(2) Docket or case number (if you know): CC-00-309

(3) Result: denied

(4) Date of result (if you know): N/A

(5) Citation to the case (if you know): N/A

(6) Grounds raised: Same As Above

_____

_____

_____

(h) Did you file a petition for certiorari in the United States Supreme Court?   Yes ☑  No ☐

If yes, answer the following:

(1) Docket or case number (if you know): ___CC-00-309___

(2) Result: ___denied___

_____

(3) Date of result (if you know): ___Nov 04___

(4) Citation to the case (if you know): ___N/A___

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?

Yes ☑  No ☐

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: ___Marion County Circuit Court 25th Circuit___

(2) Docket or case number (if you know): ___CC-00-309___

(3) Date of filing (if you know): ___April 29,2005___

(4) Nature of the proceeding: ___Rule 32 petition___

(5) Grounds raised: 1) Ineffective assistance of counsel

2) Prosecutoral misconduct

3) Venire was not sworn prior to vior dire questioning.

4) Trial court invaded the sanctity of the jury room.

5) Erroneous jury charge.

6) Denial of Motion for acquittal in the presence of the jury.

7) Denied procedural and substantive due process of law.

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

Yes ☐  No ☑

(7) Result: ___denied___

(8) Date of result (if you know): ___Aug 31, 2005___

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: ___Court of Criminal Appeals State Of Alabama___

(2) Docket or case number (if you know): ___Cr-05-1142___

(3) Date of filing (if you know): ___March 24 2006___

(4) Nature of the proceeding: ___Rule 32 appeal___

(5) Grounds raised: ___All above___

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

Yes ☐  No ☑

(7) Result: Affirmed by memorandum

(8) Date of result (if you know): June 23 2006

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: Supreme Court Of Alabama

(2) Docket or case number (if you know): CR-05-1142

(3) Date of filing (if you know): July 28,2006

(4) Nature of the proceeding: Writ Of Certiorari

(5) Grounds raised: All former carried over

1) Ineffective assistance Of counsel

2) Prosecutoral misconduct

3) Venire was not sworn prior to vior dire

4) Trial court invaded the sanctity of the jury

5) Erroneous jury charge

6) Denial of motion for acquittal in the presence of the jury.

7)* denied procedural and substantive due process of law

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

Yes ☐  No ☑

(7) Result: Writ denied

(8) Date of result (if you know): September 15-2006

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:    Yes ☐  No ☑

(2) Second petition:  Yes ☐  No ☑

(3) Third petition:   Yes ☑  No ☐

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not: _____

Ground One:

Ineffective assistance of counsel, in violation of the Sixth, Eight, and Fourteenth Amendments Of The United States Constitution, in that, petitioner was not adequately represented by trial counsel, who failed to object, move to exclude, or move for mistrial to the following:

(A)   Counsel's chastisment by the court, in the presence of the jury, for being late to court on two seperate occasions Transcript T-195 Lines [    ] [ 9-25]

(B)  Counsel allowed the prosecution to elicit prejudicial, unusual or abnormal sexual relation unrelated to the indictment and clearly protected by spousal confidentiallity. T 79 [23] - T 82 [20]

(C)   Counsel allowed testimony of conversations with and interpreted mental reaction of alleged victim. T 73 [19] -T 75 [5]

(D)   Counsel allowed testimony of discussion between mother and alleged victim, not in presence of the petitioner and statements (Medical Diagnosis) of Dr. Badr. T 78 [24] - T 79 [22]

(E)   Counsel allowed testimony of alleged victim's abnormal behavior and alleged discussion between petitioner and his previous wife (again) protected by spousal confidentiallity. T 110 [2] T ⁻111 [22].

(F)   Counsel allowed testimony of alleged discussions between petitioner and his previous wife about previous sexual abuse by and of petitioner and testimony of the "Cycle Of Abuse" by same non professional (Layman) witness (again) protected by spousal confidentiallity. T 110 [17] -T 113 [3]

(G)   Counsel allowed testimony of alleged drug abuse by petitioner and his previous wife and her beliefs (again) protected by spousal confidentiallity.

(H)   Counsel allowed testimony of alleged discussion between Ella Mae Swann, and Dr. Hyland, of Jasper, And Dr. Wilbanks, of Winfield, and petitioner not present. T 120 [2] - T 123 [5]

(I)   Counsel allowed testimony of alleged discussion between Ella Mae Swann and alleged victim and petitioner not present. T 124 [19] - T 128 [10]

(J)   Counsel allowed testimony of mental impression and alleged discussion with petitioner and petitioner's ex-wife by Wanda Wade (petitioner's ex mother-in-law ) T 200 [2] - T 203 [20].

(K)   Counsel allowed the prosecutor to question petitioner, accusing him of sexual intercourse with his present wife when she was fourteen years of age, alleging Statutory Rape, no part of the indictment, inadmissable, fatally prejudicial, of no probative value, and irrelevant. T 268 [1-10]

(L)   Counsel allowed prosecutor to question Kirk Douglas Squire about his daughter, Kayla, being molested by her stepfather and when and whether she was telling the truth. T 282 [13] - T287 [4]

(M)   Counsel failed in defense by not requiring Monica Haddock, a witness for the defense , who was a counselor and Forensic Interviewer of the children involved and worked at the Child Advocacy Center in Florence,Ala to have an in camera inspection of her records, which she brought, and carried with her, and by not interviewing her prior to trial. T 289 [20] - T 297 [5]

(N)   Counsel never requested nor possessed the discovery, therefore could not and did not investigate:  Attachment "A"

(1) (Potential Witness) Dr. Patrick Hyland Of Jasper Alabama, named in said document, as the reporter and the first physician to examine alleged victim specific to this conviction.

(2) (Potential Witness) Dr. James G. Wilbanks Winfield Alabama, named in said document as an examining physician of alleged victim specific to this conviction as well as another alleged victim never prosecuted.

(3) (Potential Witness) Children's Hospital Intervention and Prevention Services (CHIPS) interviewer examiner of all three alleged victims, two of which were prosecuted .

(4) Nine pages of Department Of Human Resources (DHR) interview notes from phone or face to face interviews with; Dr. Hyland, Ella Mae Swann, Tawny Purser, Sarah Dooley, Mason Dooley, Chris Purser, Courtney Schleter, Johnny Wayne Swann, and petitioner, noted by DHR workers; Ricky Shane Harris, Sharon Williams,Darlene Palmer, Misty Miller, Judy Young, ' Twanya  Williford, and invest-igator Feldman, all potential witnesses for or against petitioner, and a minimum of thirty-six additional pages of extreme importance to the Constitutionally protected defense of this case.

(1)  Counsel Failed to interview Monica Haddock, the Forensic inter-viewer, referenced to him by petitioner, for direct exculpatory testimony (her <u>professional oppinion</u>) as related to petitioner on the first of some Seventy documented supervised visits at the Child Advocacy Center Florence Alabama where she worked,<u>attachment "B"</u>

(2)   Counsel failed to get an in camera inspection of Monica Haddock's records, contrary to her explanation to him in a phone conversation, pre-trial,that this was a must for her to testify. This information was told to petitioner in a phone conversation with Monica the day after the trial.

(P)   Counsel failed to object or call for a mistrial when the prosecutor repeatedly referenced and questioned petitioner's post miranda cancell-ation of an interview with the investigator and request for counsel.

P 10

(9)    Counsel failed to object or move for a specific jury charge to address the prosecutor repeated character attack against the petitioner.

(R)    Counsel, in open court, with jury present, made a motion for acquittal.

(S)    Counsel's notice of appearance was dated Nov. 7, 2003, the trial was Nov. 17, 2003, allowing only ten (10) proveable days for preperation, which he clearly did not take advantage of.
( attachments) "c & d"

(T)    Counsel demonstrated unfamiliarity and lack of knowledge of the case and no defense strategy by neither objecting to nor countering in examination.

(1) T 59 [22] Itemad Badr reference doctor not mentioned in the discovery
(2) T 79 [16]   same as (1)
(3) T 79 [23]-T 82 bad character allegations known of in the dis-covery.
(4) T 86 [21] no knowledge of custodial case
(5) T 87 [8-9] "    "    "    "    "
(6) T 87 [15,16] no preparation to impeach witness

(7) T 87 [21,22] *same as (6)*

(8) T 87 through T 107 deplorable examination, claerly deficient

(9) T 88 [18], T 189 [7], T 130 [19], T 135, T 136 Dr. Badr references

(10) T 120-T 139 Lack of knowledge to effectively question

(11) T 193 [16-25] no preparation to have the defenses most important witness at trial and ready .

(12) T 212 no strategy

(13) T 287 has no knowledge of defense witness issue's

(14) T 291 [12-13 to 424] forensic interviewer's need for her records.


Counsels representation was deficient due to the fore-mentioned and his deficiency fatally prejudiced petitioner which eliminates any glimmer of confidence in the verdict.


(B)   Petitioner does not contend ground 1 was adequately exhausted beyond (A through M), due to the consise statement of supporting facts, (N - T ), offered in this petition and the deficient supporting facts offered by appeal counsel on direct appeal that barred further-erance of state relief and exhaustion.

Petitioner prays this Honorable Court will entertain, review, and rule on said facts de novo, as they form the foundation of the Strickland standard in petitioner's case establishing counsel's deficiency, in his failure to investigate, and the prejudice,

that but for counsel's failure to investigate there is a reasonable probability the results would have been different in light of hours of deliberation , the use of an Allen charge and the brevity with which the verdict in the other charge was rendered.

(C)  Ground one was raised on direct appeal.

(D)  Ground one was raised in Post Conviction proceedings

(2)  Type of petition Rule 32

filed at 25th  Circuit Court Marion County Ala.

Docket case number CC-00-309

Date of decision

(3)  Did not recieve a hearing

(4)  This decision was appealed

(5)  This issue was raised on appeal

(6)  To the Court Of Criminal Appeals

Docket case number CR-05-1142

date of decision Sept 15, 2006

Also Certiorari

Attachment "F-G'

"decisions"


Ground Two

   Prosecutorial misconduct that violated petitioner's Constitutional right to due process.

(A)   Prosecutor repeatedly referenced and elicited Constitutionally protected, testimony of petitioner's post-miranda right to silence and request for an attorney. T 258 through T 264


(B)   Prosecutor introduced and repeatedly elicited testimony of alleged prior bad acts and character and potentially prosecutable offenses never leveled in the indictment.


(C)   Prosecutor elicited testimony of Kirk Squires daughter's  case .


(D)   Prosecutor elicited testimony protected by spousal confident-iallity. T 79 [23] - T 82 [13] T 110 [17]  —  T 114


(E)   Prosecutor witheld the discovery from petitioner's trial counsel.


(F)   Prosecutor elicited testimony to a doctor Itemad Badr (potent-ial witness) three times who was never mentioned in the discovery.


(G)   Prosecutor elicited purjured testimony three time in reference to the previously mentioned DR. Badre (never mentioned in the discovery)


(H)   Prosecutor objects to defense counsel reading from a doctor's report, knowing he does'nt posses such or the discovery.

(I)   Prosecutor, in closing arguments linked all of the prejudicial inadmissible evidence that he elicited via his own misconduct   to secure an Unconstitutional verdict against the petitioner.


(J)   Prosecutor upon returning,midday, Nov 19 2003, after the Hon. Judge Aderholt left and unknown that the Hon.judge Bentley, had changed his tie to one depicting a Bengal Tiger, shifting the interest of the trial and attention of the jury from legal proof, vitality, and fact  to a psychological and emotional charged persecution.


(K)   Prosecutor after twice stating he had no question's for Monica Haddock (T 296 [15,16,25] the forensic interviewer associated with this case then made certain the record reflected that she and his office had never communicated (T 297 [5-22]) solely to protect himself. As the seeker of justice in and of this case, this community, and his district he violated his oath,and denied the petitioner due process rights, and aided in the furtherance of emotional and psycholigical abuse of these children by not, investigating the nagging question that was obviously on his mind and pursuing a conviction instead of justice.


(B)   Petitioner does not contend that ground two was adequately exhausted beyound A Through B due to the consise statement of suppo-rting facts offered in this petition and the deficient supporting facts offered by post-conviction appeal counsel.

Petitioner prays this Honorable court will entertain, review and rule on said fact  de, novo as they clearly prove violation of Fifth, Sixth and Fourteenth Amendment rights guaranteed by the United States Constitution, to due process.

(C)    This issue was not raised on direct appeal.

(D)    This issue was raised in Post-Conviction Rule 32.

Location 25th Circuit Court Marion County Alabama.

Docket case number CC-00-309

Desion date  _8 - 31 - 2005_

(3)    Did not recieve a hearing.

(4)    This decision was appealed.

(5)    This issue was raised on appeal.

(6)    To the court of Criminal Appeals.

Docket case number CR-05-1142

Date of decision    Sept 15, 2006

Also Certiorari

Attachments "F & G"

Ground Three

Trial court errors that violated petitioner's Fifth,Eight  and fourteenth amendment rights guaranteed by the United States Constitution.

(A)    the Trial court heard and denied a motion for acquittal in the presence of the jury. T 208

(B)    The Trial Court responded to the jury without petitioner's or petitioner's counsel's knowledge or consent and violated the sanctity of the jury room by entering. T 375-376

(C)    The jury was not properly sworn prior to vior dire questioning.

(D)    The Trial Court charged the jury that "reasonable doubt was a real doubt or substantial doubt growing out of the evidence" T 366

(E)    The Trial Court's Allen Charge was unconstitutional and shifted the burden of proof to the defense. It was given after 2 hours and 58 minutes of deliberation and included;

(1) "In connection with reasonable doubt you can establish guilt" T 380 [9-10]

(2) "A reasonable doubt is a real doubt or substantial doubt growing out of the evidence."T 380 [22-24]

(3) "A reasonable doubt is a real doubt or a substantial doubt growing out of the evidence" T 380 [25] T 381 [2]

56

Final verdict comes/minutes later.

There is a reasonable likelihood that the jury applied this Allen Charge Unconstitutionally.


(F)   The Honorable Judge Aderholt left without the petitioner or his attorney being addressed as to post ponement or other amends in his absence.


(G)   The Trial Court was without jurisdiction to convict and sentence petitioner, in that, the trial court was fractured at a critical point by the absence of the judge that heard 7 hours and 40 minutes of 8 hours and 30 minutes of the prosecution's bombard ment of inadmissible, irrelevant prejudicial prior bad acts and uninitiated bad character evidence and therefore the admissibility and use of such in the jury's deliberation was not properly addre- ssed in either of the two jury charges by the judge that heard only a minor portion 50 minutes of 8 hours and 30 minutes i.e. one rebuttal witness and closing arguments.


(H)   The second judge, Honorable judge Bentley, stated to the jury and all present that the Honorable judge Aderholt would impose sentence yet ordered sentence himself after hearing only one rebu- ttal witness and closing arguments. T 374 [14-19]    Attachment "E"

(I)   Petitioner was denied Sixth Amendment protected confrontation of Itemad Badr, Patrick Hyland, Angela Washington, DHR personell, and James G. Wilbanks, in that the witnesses of the prosecution repeatedly referenced their "hearsay" diagnosis. This left the defense unable  to impeach said hearsay or quantify said diagnosis.

| | | |
|---|---|---|
| T 59 [19]- T 60 [5] | T 88 [13-21] | T 134-T 136 |
| T 64 [13-25] | T 102 [15-16] | T 138 - T 140 |
| T 67 [6,7] | T 108 [16-18] | T 147 [1-13] |
| T 68 [7-11] | T 108 [20-25] | T 310 [5-9] |
| T 70 [17-23] | T 109 [5-10 | |
| T 72 [1-2] | T 120 [2-7] | |
| T 73 [3-6] | T 122 [22] -T 123 [3] | |
| T 75 [7-9] | T 123 [25]- T 124 [4] | |
| T 79 [16-22] | T 130 [17-22] | |

Petitioner does not contend that ground three was adequately exhausetd beyound A through F due to the consise statement  of supporting facts offered in this petition and the deficient statement of supporting facts offered by appeal counsel.

Petitioner prays this Honorable Court will entertain, review and rule on said facts  de novo as they clearly violated petitioners Fifth, Eight and Fourteenth Amendment right to due process guaranteed by the United States Constitution.

(C)    This issue was raised on direct appeal.

(D) This issue was raised in Post-Conviction Rule 32.

(2) At the 25th Circuit Court in Marion County Alabama docket case number CC-00-309

(3) I recieved no hearing.

(4) Decision was appealed to the Court Of Criminal Appeals with this issue attached docket case number CR-05-1142

Ruled on Sept. 15 2006

Also Certiorari   Attachment "F & G"

<u>Accumulation Of errors:</u>

<u>Ground Four:</u>


(A)   Petitioner put forth that even if the fore mentioned grounds
facts, and errors, in isolation, appear harmless. the accumulation
of said grounds, facts and errors undermine petitioners Constitut-
ionally protected due process rights and require a fresh      start
and that failure to do so will result in a <u>Miscarriage Of Justice</u> .

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: _____

_____

_____

_____

13. Please answer these additional questions about the petition you are filing:

   (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?    Yes ☑  No ☐

   If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: _____

_____

_____

_____

   (b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: _____

_____

_____

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?    Yes ☐  No ☑

   If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. _____

_____

_____

_____

_____

_____

_____

15. Do you have any petition or appeal <u>now pending</u> (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?     Yes ☐     No ☒

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____

_____

_____

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: _____

(b) At arraignment and plea: _____

(c) At trial: __Nath Camp 1816 Third Ave. s Suite 10__

__Jasper Alabama__

(d) At sentencing: __Jim Davis P.O. Box 157__
__Hamilton,Alabama 35570__

(e) On appeal: ____Jim Davis_____

_____

(f) In any post-conviction proceeding: __Thomas E. Drake II 419 Second Ave Sw.__
__suite B  Cullman Al 35055__

(g) On appeal from any ruling against you in a post-conviction proceeding: _____

_____

_____

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?          Yes ☐ No ☒

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: _____

_____

(b) Give the date the other sentence was imposed: _____

(c) Give the length of the other sentence: _____

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?     Yes ☐ No ☒

18. **TIMELINESS OF PETITION:** If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

The first time period began to toll on or about Nov 20, 2004 and was stopped by the filling of Rule 32 April 29 2005 for a loss of 160 days and remained halted until Sept 15,2006 due to pending Rule 32. This sets my last date to file April 8,2007.

Counsel's neglect accounted for a substantial amount of time associated with the Rule 32 as stated #2 Attachment "H" without fault on the Petitioner's part ".

See Attachment "H"    Pg 45

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of —
   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In The U.S District Court

Montgomery ,Alabama


Jason Dooley,

Petitioner

Vs                                              Case Number *2:07-CV-224-WK*

                                                            *CR-05-1142*

State Of Alabama,

Respondents


## Motion To Expand The Record:

Comes now Jason Dooley, petitioner pro-se,in the above styled
cause, and respectfully moves this Honorable court to expand the
record to include the foremention concise statement of facts
offered now by petitioner. They were only included in compliance
with,and respect to,page 6 number 12 of this form, which states;

For this petition, state every ground on which you claim you
are being held in violation of the Constitution, Laws, or treat-
ies of the United states. Attach additional pages if you have more
than four grounds. State the facts supporting each ground.

Caution : To proceed in federal court, you must ordinarily
first exhaust (use up) your available state-court remedies on each
ground on which you request action by the Federal Court.

Also if you fail to set forth all the grounds in this petition you may be barred from presenting additional grounds at a later date.

To wit, petitioner, realizing the deficiency with which direct appeal counsel supported said grounds, and the incumberance faced by post-conviction appeal counsel's successive appeal, only brought forth additional facts in compliance with this petition, to butress and clarify each ground, to overcome counsel's deficiencies   or incumberance, and to prevent future barring of said grounds, facts, and errors.

Accordingly, petitioner respectfully moves this  Honorable Court to expand the Record.

                                        Respectfully Submitted

                                        Jason Dooley B43- A

                                        P.O. Box 56

                                        Elmore, Al 36025

In The U.S. District Court

Montgomery, Alabama

Jason Dooley

Petitioner (pro-se)

Vs.

State Of Alabama,

Respondents

Richard Allen, Commissioner
Leon Forniss, Warden
Troy King, Attorney General

Case Number  2:07-CV-224-WKW
CR-05-1142

## Motion For Summary Judgement On One Or More
## Of The Claims In This Petition:


   Comes now Jason Dooley ,petitioner (pro-se), in the above
styled cause and respectfully moves this Honorable Court  to
grant summary judgement, if appropriate, to expedite petitioner's
cause.


   Accordingly petitioner respectfully moves this Honorable
Court for said summary judgement.


                              Respectfully Submitted;

                              Jason Dooley B-43- A
                              Staton Corr. Facility
                              P.O. Box 56
                              Elmore,Al, 36025

In The U.S. District Court

Montgomery Alabama


Jason Dooley,

Petitioner (pro-se)

Vs.                                           Case No, 2:07-CV-224-WKW

State Of Alabama,                                    CR-05-1142

Respondents

Richard Allen ,Commissioner
Leon Forniss Warden
Troy King Attorney General


### Motion For An Evidentiary Hearing;


   Comes now Jason Dooley, petitioner pro-se, in the above styled
cause, and respectfully moves this Honorable Court to grant    or
remand for an Evidentiary Hearing as necessary to establish    any
and all facts setforth that, if proven would entitle petitioner
to Habeas relief, and grant a full and fair opportunity to estab-
lish those facts.


   Accordingly, petitioner respectfully moves this Honorable Court
for necessary Evidentiary Hearing.


                              Respectfully Submitted


                              Jason Dooley  B-43-A
                              Staton Corr. Facility
                              P.O.Box 56
                              Elmore,Al 36025

Memorandum For Evidentiary Hearing:


Petitioner respectfully submits this memorandum to clarify facts sought in Evidentairy Hearing.


(a)   Monica Haddock's, professional Forensic Interviewer , opinion and exculpatory stance.


(b)   Trial counsel lack of investigation, possession of discovery, defense strategy.


(c)   Swearing of jury prior to vior dire questioning.


Respectfully Submitted;
Jason Dooley B-43- A
Staton Corr. Facility
P.O. Box 56
Elmore,Al 36025

*p 29*

In The U.S. District Court

Montgomery, Alabama


Jason Dooley,

Petitioner

2:07-CV-224-WKW

Vs.                                          Case No ~~CR 05-1142~~.


State Of Alabama,

Respondents


### Motion Of Law In Support Of Claims:


Comes now Jason Dooley, petitioner pro-se, in the above styled
cause , and respectfully moves this Honorable Court for latitude
to include case law supportive of  petitioner's grounds and
supporting facts.


Accordingly petitioner respectfully moves this Honorable Court
for said latitude to include supportive case law.

Respectfully Submitted,

Jason Dooley B 43 A
P.O. Box 56
Elmore,Al 36025.

<u>Memorandum Of Supportive Case Law</u>"

(1) Ineffective assistance of counsel

    (a) lack of investigation

Holsomback 133 F3d 1382
Town V. Smith 395 F 3d 251
Blackburn V Foltz 828 F2d 1177
Lord V. Wood 183 F3d 1093 184 F3d 1093)

  (b) Failure to object
Washington V. Hofbauer 288 F3d 689
explained in Mcelroys 404 (b)


(2) Prosecutoral misconduct.

    Hill V Turpin 135 F 3d 1411

    Martin V Parker 11 F 3d 613

    Coleman 30 F 3d 1420@     1429


    (b) Use of miranda
Doyle V. Ohio 426 U.S. 610/U.S.r Rosenthal 793 F 2d 1214
Tucker  417 U.S. 433@ 444/ Hale 45 L Ed 29 99

(3) Reasonable doubt

    Morris V. Cain 186 F 3d 581
    Cage V. Louisiana, 498 U.S. 39

(4) de novo review

    Pham V. Terhune  400 F 3d 740
    Rompilla V. Beard    545 U.S. 374
    Beardslee V. Woodford 358 F3d 560

(5)    Cumulative effetc of errors.
       Bell V. Duckworth 861 F2d 169
       Walker V. Engle 703 F2d 959
       Dunn 570 F2d 21@ 25


(6)    Courts Criticism of counsel in jury presence.
       U.S. V. Wills 88 F3d 704
error explained by McElroys Rule 269.1 One


(7)    Qualify for an Evidentiary Hearing.
       Insyxiengmay 403 F3d 669 @ 70
       Williams 384 F3d 586
       Townsend 372 U.S. 313 number 5


(8)    Jury Charge.
       Moore 653 F2d  384 @ 90
       Beattie 613 F2d 762 @ 66

Prayer For Relief;


Petitioner respectfully prays this Honorable Court to issue a Writ Of Habeas Corpus to have petitioner brought before   it to the end that he may be discharged from his unconstitutional confinement and restraint or grant such relief as may be appropriate and to dispose of the matter as Law and Justice require.

## Table Of Contents:

Petition For Writ Of Habeas Corpus with four grounds and    Pg   1-23
accompanying facts

Motion to expand the record                                  Pg  24-25

Motion For summary judgement                                 Pg  26

Motion/Memorandum for Evidentiary Hearing                    Pg  27-28

Motion/Memorandum Of Law In Support Of Claims                Pg  29-31

Prayer For Relief                                            Pg  32

## Attachments:

A. Pg 33-38

B. Pg 39

C. Pg 40

D. Pg 41

E. Pg 42

F. Pg 43

G. Pg 44

H. Pg 45

Therefore, petitioner asks that the Court grant the following relief: _pg. 32_ _____

_____

or any other relief to which petitioner may be entitled.


_____

Signature of Attorney (if any)


I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this

Petition for Writ of Habeas Corpus was placed in the prison mailing system on _March 12, 2007_

_____ (month, date, year):


Executed (signed) on _March 10, 2007_ (date).


_Jason Dooley_

Signature of Petitioner


If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing

this petition. _____

_____

_____


* * * * *

Jason Dooley  238368
B-43-A
P.O. Box 56
Elmore AL 36025



Clerk, US District Court for the Middle District of Alabama
P.O. Box 711
Montgomery, AL 36101

*Attachment A (6 pages)*        *P 33*

```
ACRO370                ALABAMA JUDICIAL INFORMATION SYSTEM
OPER: RIW                      CASE ACTION SUMMARY           CASE: CC 2000 000309.00
PAGE:   1                       CIRCUIT   CRIMINAL
                                                             RUN DATE: 02/08/2007
=========================================================================
IN THE CIRCUIT COURT OF   MARION
                                                                  JUDGE: JHB
STATE OF ALABAMA                      VS     DOOLEY, JASON
CASE: CC 2000 000309.00                      2555 STATE HWY 129

                                             HALEYVILLE, AL  35565 0000
DOB: 01/23/1972           SEX: M  RACE: W  HT: 5 10  WT: 140  HR: BRO EYES: BRO
SSN: 422984931  ALIAS NAMES:
-------------------------------------------------------------------------
CHARGE01: SEXUAL ABUSE 1ST       CODE01: SXA1  LIT: SEXUAL ABUSE 1 TYP: F #: 002
OFFENSE DATE:                           AGENCY/OFFICER: 0490000

DATE WAR/CAP ISS:
DATE    INDICTED:                    DATE ARRESTED: 12/13/2000
DATE    RELEASED:                    DATE    FILED: 12/28/2000
     BOND AMOUNT:        $5,000.00 R  DATE  HEARING:
                                        SURETIES:
DATE 1: 04/20/2004   DESC: JTRL
DATE 2:              DESC:            TIME: 0900 A
                                     TIME: 0000
TRACKING NOS:                    /                      /

    DEF/ATY: DRAKE THOMAS E II
             P O BOX 457              TYPE: R
                                                              TYPE:
             CULLMAN         AL 35056
PROSECUTOR:                                        00000
```

```
=========================================================================
TH CSE:     000000000000 CHK/TICKET NO:
OURT REPORTER:                        SID NO:              GRAND JURY:
EF STATUS: BOND                              000000000
                                   DEMAND:
                                                              OPER: RIW
=========================================================================
TRANS DATE    ACTIONS, JUDGEMENTS, AND NOTES                          OPE
12/28/2000 | ASSIGNED TO: (CM ) CARLTON MAYHALL, JR                   JAM |
12/28/2000 | INITIAL STATUS SET TO: "B" - BOND         (AR01)         JAM |
12/28/2000 | FILED ON: 12/28/2000                      (AR01)         JAM |
12/28/2000 | DEFENDANT ARRESTED ON: 12/13/2000         (AR01)         JAM |
12/28/2000 | BOND SET AT: $5000.00                     (AR01)         JAM |
12/28/2000 | CHARGE 01: SEXUAL ABUSE 1ST/#CNTS: 002    (AR01)         JAM |
01/09/2001 | NOTICE SENT: 01/09/2001 DOOLEY, JASON     (AR01)         JAM |
01/09/2001 | SET FOR:  ARRAIGNMENT ON 02/20/2001 AT 0900A(AR01)       JAM |
02/05/2001 | ATTORNEY FOR DEFENDANT: WELLS JIMMY DONALD (AR01)        JAM |
02/05/2001 | MOTION FOR PRODUCTION AND DISCLOSURE                     JAM |
02/20/2001 | ATTORNEY FOR DEFENDANT: ISOM JACKIE O                    JAM |
03/16/2001 | NOTICE OF APPEARANCE                       (AR10)        JAM |
04/02/2001 | MOTION TO WITHDRAW - DELIVERED TO JUDGE MAYHALL          JAM |
04/16/2001 | ORDER TO WITHDRAW                                        JAM |
07/19/2001 | NOTICE SENT: 07/19/2001 DOOLEY, JASON                    JAM |
07/19/2001 | NOTICE SENT: 07/19/2001 WELLS JIMMY DONALD               JAM |
07/19/2001 | SET FOR: JURY TRIAL ON 08/28/2001 AT 0900A  (AR10)       JAM |
```

```
ACRO370                   ALABAMA JUDICIAL INFORMATION SYSTEM        CASE: CC 2000 000309.00
OPER: RIW                         CASE ACTION SUMMARY
PAGE:   2                          CIRCUIT  CRIMINAL                  RUN DATE: 02/08/2007
```

IN THE CIRCUIT COURT OF   MARION

JUDGE: JHB

STATE OF ALABAMA                    VS     DOOLEY, JASON
                                           2555 STATE HWY 129
CASE: CC 2000 000309.00

                                           HALEYVILLE, AL  35565 0000

DOB: 01/23/1972        SEX: M  RACE: W  HT: 5 10  WT: 140   HR: BRO EYES: BRO
SSN: 422984931  ALIAS NAMES:
================================================================================
 TRANS DATE       ACTIONS, JUDGEMENTS, AND NOTES
                                                                           OPE
--------------------------------------------------------------------------------
| 08/16/2001 | MOTION TO COMPEL DISCOVERY AND/OR EXAMINE MATERIAL              JAM |
| 08/16/2001 | IN CAMERA      *By Jim Wells*                                    JAM |
| 08/23/2001 | MOTION TO CONTINUE                                              JAM |
| 08/24/2001 | MOTION FOR PROTECTIVE ORDER                                     TIB |
| 09/24/2001 | PROTECTIVE ORDER-COPIES SENT TO NEAL COOK, LIONEL               JAM |
| 09/24/2001 | LEATHERS, BONNIE RILEY AND JIM WELLS                            JAM |
| 11/06/2001 | NOTICE SENT: 11/06/2001 DOOLEY, JASON                          JAM |
| 11/06/2001 | NOTICE SENT: 11/06/2001 WELLS JIMMY DONALD                     JAM |
| 11/06/2001 | SET FOR: JURY TRIAL ON 12/03/2001 AT 0900A   (AR10)            JAM |
| 05/30/2002 | NOTICE SENT: 05/30/2002 DOOLEY, JASON                          JAM |
| 05/30/2002 | NOTICE SENT: 05/30/2002 WELLS JIMMY DONALD                     JAM |
| 05/30/2002 | SET FOR: JURY TRIAL ON 06/24/2001 AT 0900A   (AR01)            JAM |
| 05/30/2002 | SET FOR: JURY TRIAL ON 06/24/2002 AT 0900A   (AR10)            JAM |
| 06/24/2002 | MOTION TO CONTINUE                                              JAM |
| 09/03/2002 | ORDER - COPIES MAILED                                           JAM |
| 10/07/2002 | NOTICE SENT: 10/07/2002 DOOLEY, JASON                          JAM |
| 10/07/2002 | NOTICE SENT: 10/07/2002 WELLS JIMMY DONALD                     JAM |
| 10/07/2002 | SET FOR: JURY TRIAL ON 10/28/2002 AT 0900A   (AR10)            JAM |
| 10/15/2002 | ADDR1 CHANGED FROM: 25555 ST. HWY. 129    (AR01)               JAM |
| 10/15/2002 | HOME CITY CHANGED FROM: HALEYVILLE        (AR01)               JAM |
| 11/13/2002 | NOTICE SENT: 11/13/2002 DOOLEY, JASON                          JAM |
| 11/13/2002 | NOTICE SENT: 11/13/2002 WELLS JIMMY DONALD                     JAM |
| 11/13/2002 | SET FOR: JURY TRIAL ON 12/09/2002 AT 0900A   (AR01)            JAM |
| 12/16/2002 | NOTICE SENT: 12/16/2002 DOOLEY, JASON                          JAM |
| 12/16/2002 | NOTICE SENT: 12/16/2002 WELLS JIMMY DONALD                     JAM |
| 12/16/2002 | SET FOR: JURY TRIAL ON 01/06/2003 AT 0901A   (AR01)            JAM |
| 04/29/2003 | NOTICE SENT: 04/29/2003 DOOLEY, JASON                          TIT |
| 04/29/2003 | NOTICE SENT: 04/29/2003 WELLS JIMMY DONALD                     TIT |
| 04/29/2003 | CASE SET ON 05/19/2003 FOR JURY TRIAL        (SS07)            TIT |
| 04/29/2003 | NOTICE FLAG SET TO: Y                         (SS07)            TIT |
| 05/09/2003 | ATTORNEY FOR DEFENDANT: FITE BILL            (AR01)            TIT |
```

```
ACRO370                ALABAMA JUDICIAL INFORMATION SYSTEM      CASE: CC 2000 000309.00
OPER: RIW                    CASE ACTION SUMMARY
PAGE:   3                    CIRCUIT   CRIMINAL                  RUN DATE: 02/08/2007
==========================================================================================
IN THE CIRCUIT COURT OF   MARION
                                                                           JUDGE: JHB
STATE  OF  ALABAMA                    VS      DOOLEY, JASON
                                              2555 STATE HWY 129
CASE: CC 2000 000309.00
                                              HALEYVILLE, AL  35565 0000

DOB: 01/23/1972        SEX: M   RACE: W   HT: 5 10  WT: 140    HR: BRO EYES: BRO
SSN: 422984931   ALIAS NAMES:
```

| Date | Action | | Code |
|------|--------|--|------|
| 05/28/2003 | ATTORNEY FOR DEFENDANT: CAMP NATH T JR | (AR01) | TIT |
| 10/08/2003 | NOTICE SENT: 10/08/2003 DOOLEY, JASON | | TIT |
| 10/08/2003 | NOTICE SENT: 10/08/2003 CAMP NATH T JR | | TIT |
| 10/08/2003 | CASE SET ON 10/27/2003 FOR JURY TRIAL | (SS07) | TIT |
| 10/08/2003 | NOTICE FLAG SET TO: Y | (SS07) | TIT |
| 10/22/2003 | CASE SET ON 11/17/2003 FOR JURY TRIAL | (SS07) | TIT |
| 10/22/2003 | NOTICE FLAG SET TO: Y | (SS07) | TIT |
| 11/08/2003 | PARTY ADDED  W001  CHRIS WARREN | (AW21) | TIT |
| 11/08/2003 | PARTY ADDED  W002  CAROL PARKER | (AW21) | TIT |
| 11/08/2003 | PARTY ADDED  W003  JERRY HOOD | (AW21) | TIT |
| 11/08/2003 | PARTY ADDED  W004  CHRIS PURSER | (AW21) | TIT |
| 11/17/2003 | CASE SET ON 11/18/2003 FOR JURY TRIAL | (SS07) | TIT |
| 11/17/2003 | NOTICE FLAG SET TO: N | (SS07) | TIT |
| 11/17/2003 | MOTION TO DISMISS | | TIT |
| 11/18/2003 | ORDER FOR MONICA HADDOCK TO TESTIFY | | TIT |
| 12/30/2003 | MOTION FOR NEW TRIAL, MOTION IN ARREST OF | | TIT |
| 12/30/2003 | JUDGMENT & MOTION FOR JUDGMENT OF ACQUITAL OR | | TIT |
| 12/30/2003 | IN THE ALTERNATIVE FOR NEW TRIAL OR ATTREST OF | | TIT |
| 12/30/2003 | JUDGMENT. | | TIT |
| 01/05/2004 | JUDGE ORDERED...SENTENCE HAS NOT BEEN PRONOUNCED | | TIT |
| 01/05/2004 | WILL SET MOTION AFTER SENTENCE. SENT COPIES. | | TIT |
| 01/13/2004 | NOTICE SENT: 01/13/2004 DOOLEY, JASON | | TIT |
| 01/13/2004 | NOTICE SENT: 01/13/2004 CAMP NATH T JR | | TIT |
| 01/13/2004 | CASE SET ON 02/09/2004 FOR JURY TRIAL | (SS07) | TIT |
| 01/13/2004 | NOTICE FLAG SET TO: Y | (SS07) | TIT |
| 03/19/2004 | ATTORNEY FOR DEFENDANT: DAVIS JAMES K | (AR10) | TIT |
| 03/19/2004 | DISPOSITION JUDGE ID CHANGED FROM:       TO: JHB | | TIT |
| 03/19/2004 | CHARGE 01 DISPOSED BY: DISMISSED ON: 11/22/2003 | | TIT |
| 03/19/2004 | CHARGE 01: SEXUAL ABUSE 1ST/#CNTS: 001 | (AR10) | TIT |
| 03/19/2004 | CHARGE 02: SEXUAL ABUSE 1ST/#CNTS: 001 | (AR10) | TIT |
| 03/19/2004 | CHARGE 02 DISPOSED BY: GUILTY PLEA ON: 11/22/2003 | | TIT |
| 03/19/2004 | CASE INVOLVES DOMESTIC VIOLENCE | (AR10) | TIT |

*(handwritten annotations in margins: "Counsel did not press the issue"; "did not investigate"; "2nd was not proposed"; "?" with arrow; "Error" with arrow)*

```
ACRO370                    ALABAMA JUDICIAL INFORMATION SYSTEM        CASE: CC 2000 000309.00
OPER: RIW                        CASE ACTION SUMMARY
PAGE:   4                        CIRCUIT   CRIMINAL                   RUN DATE: 02/08/2007
```

IN THE CIRCUIT COURT OF   MARION                                            JUDGE: JHB

STATE   OF   ALABAMA                    VS        DOOLEY, JASON
                                                  2555 STATE HWY 129
CASE: CC 2000 000309.00
                                                  HALEYVILLE, AL  35565 0000

DOB: 01/23/1972          SEX: M   RACE: W   HT: 5 10   WT: 140    HR: BRO EYES: BRO
SSN: 422984931   ALIAS NAMES:

| Date | Action | | |
|------|--------|---|---|
| 03/19/2004 | DEFENDANT SENTENCED ON: 03/16/2004 | (AR05) | TIT |
| 03/19/2004 | PENITENTIARY PROVISION ORDERED BY THE COURT | (AR05) | TIT |
| 03/19/2004 | JAIL CREDIT: 001 DAYS | (AR05) | TIT |
| 03/19/2004 | TOTAL CONFINEMENT: 10 YEARS | (AR05) | TIT |
| 03/19/2004 | SENTENCE TO BEGIN ON: 03/16/2004 | (AR05) | TIT |
| 03/19/2004 | IMPOSED CONFINEMENT: 10 YEARS | (AR05) | TIT |
| 03/19/2004 | ATTORNEY FOR DEFENDANT: DAVIS JAMES K | (AR10) | TIT |
| 03/19/2004 | CASE APPEALED ON: 03/16/2004 | (AR10) | TIT |
| 03/19/2004 | APPEAL "TO" TYPE: "S" | (AR10) | TIT |
| 03/19/2004 | APPEAL DATE CHANGED FROM: 00/00/0000 | (AR11) | TIT |
| 03/19/2004 | INDTRL TYPE CHANGED FROM: | (AR11) | TIT |
| 03/19/2004 | APPEAL TYPE CHANGED FROM: | (AR11) | TIT |
| 03/19/2004 | ATYW TYPE CHANGED FROM: | (AR11) | TIT |
| 03/19/2004 | IRA TYPE CHANGED FROM: | (AR11) | TIT |
| 03/19/2004 | ATTY 1 CHANGED FROM: | (AR11) | TIT |
| 03/19/2004 | ATTY 1 TYPE CHANGED FROM: | (AR11) | TIT |
| 03/19/2004 | INDTRL TYPE CHANGED FROM: N | (AR11) | TIT |
| 03/23/2004 | MOTION FOR NEW TRIAL | | NAM |
| 03/23/2004 | REPORTER'S TRANSCRIPT ORDER | | NAM |
| 03/23/2004 | COURT OF CRIMINAL APPEALS DOCKETING STATEMENT | | NAM |
| 03/24/2004 | AMENDMENT TO MOTION FOR NEW TRIAL | | NAM |
| 03/24/2004 | ORDER COURT OF CRIMINAL APPEALS S/H.W. BUCKY | | NAM |
| 03/24/2004 | MCMILLAN. | | NAM |
| 03/25/2004 | CHARGE 02: SEXUAL ABUSE 1ST/#CNTS: 001 | (AR10) | TIT |
| 03/25/2004 | CHARGE 02 DISPOSED BY: CONVICTED ON: 11/22/2003 | | TIT |
| 03/25/2004 | COURT REPORTER 1 CHANGED FROM: | (AR11) | TIT |
| 03/30/2004 | SET FOR: JURY TRIAL ON 04/20/2004 AT 0900A | (AR10) | NAM |
| 03/30/2004 | AMENDMENT TO MOTION FOR NEW TRIAL RETURNED FROM | | NAM |
| 03/30/2004 | JUDGE BENTLEY - NO ACTION | | NAM |
| 04/16/2004 | ALABAMA BOARD OF PARDONS AND PAROLES. REPORT OF | | NAM |
| 04/16/2004 | INVESTIGATION. | | NAM |
| 04/20/2004 | ADDR1 CHANGED FROM: 1816 THIRD AVE. S STE 10 | (AR01) | BEC |

```
ACRO370                  ALABAMA JUDICIAL INFORMATION SYSTEM        CASE: CC 2000 000309.00
OPER: RIW                       CASE ACTION SUMMARY
PAGE:    5                        CIRCUIT   CRIMINAL
                                                                   RUN DATE: 02/08/2007
==========================================================================================
IN THE CIRCUIT COURT OF    MARION
                                                                         JUDGE: JHB
STATE  OF  ALABAMA                   VS      DOOLEY, JASON
                                             2555 STATE HWY 129
CASE: CC 2000 000309.00
                                             HALEYVILLE, AL   35565 0000

DOB: 01/23/1972         SEX: M   RACE: W   HT: 5 10   WT: 140    HR: BRO EYES: BRO
SSN: 422984931  ALIAS NAMES:
==========================================================================================
```

| Date | Entry | |
|------|-------|---|
| 04/20/2004 | HOME CITY CHANGED FROM: JASPER                    (AR01) | BEC |
| 04/22/2004 | ORDER S/JHB (DENING MOTION FOR NEW TRIAL) | TIT |
| 04/23/2004 | MAILED COPIES OF ORDER. | TIT |
| 04/28/2004 | CASE ACTION SUMMARY PRINTED                       (AR08) | TIT |
| 05/03/2004 | ORDER FROM COURT OF CRIMINAL APPEALS/BRIEFING | TIT |
| 05/03/2004 | TIME IS STAYED PENDING THE FILING OF THE | TIT |
| 05/03/2004 | SUPPLEMENTAL RECORD CONTAINING THE MOTION FOR | TIT |
| 05/03/2004 | NEW TRIAL PROCEEDINGS. | TIT |
| 05/24/2004 | CONVICTION REPORT TO BOARD OF REGISTRARS | BEM |
| 06/03/2004 | SUPPLEMENTAL RECORD MAILED TO ALL PARTIES. | TIT |
| 08/20/2004 | MEMORANDUM | LIT |
| 09/28/2004 | COURT OF CRIMINAL APPEALS- NOTICE | LIT |
| 12/10/2004 | WRIT OF ARREST | LIT |
| 12/14/2004 | RETURN ON WRIT OF ARREST- 12-11-2004 | LIT |
| 12/14/2004 | TRANSCRIPT OF RECORD ISSUED: 12/14/2004          (AR08) | LIT |
| 04/29/2005 | PETITION FROM DEF ATTORNEY SENT TO JDG BENTLEY FOR | JAP |
| 04/29/2005 | REVIEW | JAP |
| 05/02/2005 | PETITION FROM DEF - DA TO RESPOND ASAP S/ JDG | JAP |
| 05/02/2005 | BENTLEY ON 05/02/2005 | JAP |
| 05/05/2005 | STATE'S  RESPONSE TO "PETITION FOR RELIEF FROM | JAP |
| 05/05/2005 | CONVICTION OR SENTENCE" | JAP |
| 05/05/2005 | COPY OF STATE'S RESPONSE DELIVERED TO SHERI IN | JAP |
| 05/05/2005 | DA'S OFFICE | JAP |
| 07/11/2005 | ATTORNEY FOR DEFENDANT: DRAKE THOMAS E II    (AR01) | JAP |
| 07/11/2005 | MOTION TO SET HEARING SENT TO JDG BENTLEY FOR | JAP |
| 07/11/2005 | REVIEW (PUT IN BASKET IN CLERK'S OFFICE) | JAP |
| 07/11/2005 | COPY OF MOTION TO SET HEARING SENT TO DA'S OFFICE | JAP |
| 07/11/2005 | COPY OF MOTION TO SET HEARING - DENIED SENT TO | JAP |
| 07/11/2005 | MOTION TO SET HEARING - DENIED BY JDG BENTLEY | JAP |
| 07/11/2005 | UNTIL SUCH TIME THAT DEFENDANT'S PETITION CONFORMS | JAP |
| 07/11/2005 | WITH RULE 32.6 (A)1. | JAP |
| 07/11/2005 | COPY OF MOTION TO SET HEARING - DENIED SENT TO | JAP |

```
ACRO370                ALABAMA JUDICIAL INFORMATION SYSTEM        CASE: CC 2000 000309.00
OPER: RIW                      CASE ACTION SUMMARY
PAGE:   6                       CIRCUIT  CRIMINAL                  RUN DATE: 02/08/2007
=========================================================================================
IN THE CIRCUIT COURT OF   MARION
                                                                         JUDGE: JHB
STATE OF ALABAMA                    VS       DOOLEY, JASON
                                             2555 STATE HWY 129
CASE: CC 2000 000309.00
                                             HALEYVILLE, AL  35565 0000

DOB: 01/23/1972          SEX: M  RACE: W  HT: 5 10  WT: 140    HR: BRO EYES: BRO
SSN: 422984931  ALIAS NAMES:
=========================================================================================
```

| Date | Action | |
|------|--------|---|
| 07/11/2005 | DA'S OFFICE | JAP |
| 07/11/2005 | COPY OF MOTION TO SET HEARING - DENIED - SENT | JAP |
| | TO DEFENSE ATTORNEY - THOMAS E. DRAKE II | JAP |
| 08/01/2005 | RECEIVED AMENDED PETITION, WITH PETITION FOR | JMM |
| 08/01/2005 | RELIEF FROM CONVICTION OR SENTENCE, CC DA, | JMM |
| 08/01/2005 | ATTY1, FILE 08/01/05 | JMM |
| 08/08/2005 | STATE'S  RESPONSE TO AMENDED PETITION FOR RELIEF | JMM |
| 08/31/2005 | DEFENDANT'S PETITION DENIED. S/JUDGE BENTLEY | JMM |
| 08/31/2005 | 08/31/05. CC ATTY1,DA, | JMM |
| 03/20/2006 | NOTICE OF APPEAL; COURT OF CRIMINAL APPEALS | DMM |
| 03/20/2006 | DOCKETING STATEMENT; REPORTERS TRANSCRIPT ORDER; | DMM |
| 03/22/2006 | COST BILL ISSUED: 03/22/2006                (AR08) | DMM |
| 04/03/2006 | PAYMENT FREQUENCY SET TO: "L"               (FE52) | DMM |
| 02/08/2007 | LTR FROM DEF REQUESTING CASE ACTION SUMMARY | RIW |
| 02/08/2007 | CASE ACTION SUMMARY PRINTED                 (AR08) | RIW |

Attachment B

P 39

# IN THE CIRCUIT COURT OF MARION COUNTY, ALABAMA

| | | |
|---|---|---|
| **STATE OF ALABAMA** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE NUMBER: CC-00-309** |
| | ) | |
| **JASON DOOLEY** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

It is here by order by the Circuit Court of Marion County that **Monica Haddock** Northwest Alabama Children's Advocacy Center, Inc. 404 West Tennessee Street Florence, Alabama 35630, is to appear in court on November 19, 2003 to testify in the State of Alabama vs. Dooley case.

Done and order this ___18___ day of ___Noel___ 2003.

**Circuit Judge**

**FILED**

NOV 18 2003

JAMES O. GARRARD
Circuit Clerk, Marion County
Hamilton, Alabama 35570

*Attachment C*

*p 40*

## IN THE CIRCUIT COURT OF MARION COUNTY, ALABAMA

| | | |
|---|---|---|
| STATE OF ALABAMA | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | CASE NUMBER: CC-00-309 |
| JASON DOOLEY | ) ) ) | |
| Defendant. | ) ) | |

### NOTICE OF APPEARANCE

**COMES NOW**, Nath T. Camp and enters this Notice of Appearance and Respectfully request this Honorable Court and any Attorney of record to forward any and all copies of pleadings, motions, discovery and correspondence, ect. to the address of Nath T. Camp Attorney at Law, P.O. Box 3134, Jasper, Alabama 35502.

**FILED**

NOV 07 2003

JAMES O. GARRARD
Circuit Clerk, Marion County
Hamilton, Alabama 35570

Respectfully submitted,

Nath T. Camp Esquire
1816 Third Avenue South
Post Office Box 3134
Jasper Alabama 35502
(205) 221-0101

*Attachment D*    P 4-1:

IN THE CIRCUIT COURT OF MARION COUNTY, ALABAMA

**FILED**

NOV 17 2003

JAMES O. GARRARD
Circuit Clerk, Marion County
Hamilton, Alabama 35570

| | |
|---|---|
| STATE OF ALABAMA | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NUMBER: CC-00-309 |
| | ) |
| JASON DOOLEY | ) |
| | ) |
| Defendant. | ) |

## MOTION TO DISMISS

    **COMES NOW,** Jason Dooley, by and through his Attorney of record Nath T. Camp Jr., and files this Motion To Dismiss on the following grounds:

1.    That a hearing date was scheduled for November 17, 2003, and the Plaintiff's victims/witness failed to appear at said hearing.

2.    That he has a right to speedy and fair trial as guaranteed by the Constitution of the United States and the Constitution of the State of Alabama.

3.    That in the interest of justice and judicial economy aforesaid case should be dismissed.

4.    That the State is without sufficient evidence to proceed on the aforesaid cause.

5.    That the Defendants life has been on hold, and unduly, prejudiced by the vindictive and malicious nature of these charges, causing a severely handicapped quality of life.

                              Respectfully submitted,


                                Nath T. Camp Jr. Esquire
                                4TH Wright Street
                                Jasper, Alabama 35501
                                (205)221-0101
                                Attorney for Defendant

# CASE ACTION SUMMARY

*Attachment "E"*

Case No: __MARION COUNTY  CC-00-309__

Style: __STATE OF ALABAMA  VS.  JASON DOOLEY__

FILED

Page No. ___1___ of ___1___

MAR 1 9 2004

DATE

Circuit Clerk, Marion County
Hamilton, Alabama 35570

ACTIONS, JUDGMENTS, CASE NOTES

**November 22, 2003**:  Trial; this date came Elbert E. Ivie, Jr. and 11 others who, being duly sworn and empanelled, do say: "We the jury, find the defendant Jason Dooley not guilty of Sexual Abuse in the First Degree as charged in **Count No. 1** (alleged victim Courtney Schletter) of the indictment, s/Elbert E. Ivie, Jr., Foreperson".  Therefore, it is ORDERED AND ADJUDGED that defendant Jason Dooley is not guilty of Sexual Abuse in the First Degree as charged in Count No. 1, and he is discharged herein.

Trial; this date came Elbert E. Ivie, Jr. and 11 others who, being duly sworn and empanelled, do say:  "We the jury, find the defendant Jason Dooley guilty of Sexual Abuse in the First Degree as charged in **Count No. 2** (alleged victim Mason Dooley) of the indictment, s/Elbert E. Ivie, Jr., Foreperson".  Therefore, it is ORDERED AND ADJUDGED that defendant Jason Dooley is guilty of  Sexual Abuse in the First Degree as charged in Count No. 2.

_____JUDGE

**March 16, 2004**:  Sentence hearing (see record); this day came the defendant with counsel, and being asked if he has anything to say why he should not now be sentenced, saith nothing; the Court afforded defendant an opportunity to make a statement in his behalf before sentencing and he declined.  Therefore, it is the ORDER AND JUDGMENT of the Court and the sentence of the law that defendant Jason Dooley be confined in the penitentiary of the State of Alabama for ten (10) years, on which sentence defendant is entitled to a total jail time credit as of this date of one (1) day; the Court informed defendant of his right to appeal, and that if he is indigent, the Court will appoint counsel to represent him on appeal and will have a certified copy of the record and reporter's transcript provided to him without costs if he appeals.

_____JUDGE

*P. 43*

# THE STATE OF ALABAMA - - JUDICIAL DEPARTMENT
## THE ALABAMA COURT OF CRIMINAL APPEALS

*Attachment "F"*

**CR-05-1142**

J.D. v. State of Alabama  (Appeal from Marion  Circuit Court: CC00-309.60)

## CERTIFICATE OF JUDGMENT

WHEREAS, the appeal in the above referenced cause has been duly submitted and considered by the Court of Criminal Appeals; and

WHEREAS, the judgment indicated below was entered in this cause on June 23rd 2006:

### Affirmed by Memorandum.

NOW, THEREFORE, pursuant to Rule 41 of the Alabama Rules of Appellate Procedure, it is hereby certified that the aforesaid judgment is final.

Witness. Lane W. Mann, Clerk
Court of Criminal Appeals, on this
the 15th day of September, 2006.

**Clerk**
**Court of Criminal Appeals**
**State of Alabama**

cc: Hon. John H. Bentley, Circuit Judge
Hon. Betty McDonald, Circuit Clerk
Thomas E. Drake, II, Attorney
Andy Scott Poole, Asst. Atty. Gen.

Attachment G

# IN THE SUPREME COURT OF ALABAMA

p 44



September 15, 2006

**1051548**

Ex parte J.D.  PETITION FOR WRIT OF CERTIORARI TO THE COURT OF
CRIMINAL APPEALS  (In re: J.D. v. State of Alabama)   (Marion Circuit Court:
CC00-309.60; Criminal Appeals : CR-05-1142).

## CERTIFICATE OF JUDGMENT

## Writ Denied

The above cause having been duly submitted, IT IS CONSIDERED AND
ORDERED that the petition for writ of certiorari is denied.

COST TAXED TO PETITIONER.

LYONS, J. -  Nabers, C.J., and Woodall, Smith, and Parker, JJ., concur.

I Robert G. Esdale, Sr., as Clerk of the Supreme Court
of Alabama, do hereby certify that the foregoing is
a full, true and correct copy of the instrument(s)
herewith set out as same appear(s) of record in said
Court.

Witness my hand this 15th day of September, 2006

Clerk, Supreme Court of Alabama

*Attachment H* *P 45*

## IN THE CIRCUIT COURT OF MARION COUNTY, ALABAMA

| | | |
|---|---|---|
| STATE OF ALABAMA, | ) | **FILED** |
| PLAINTIFF, | ) | MAR 0 2 2006 |
| VS. | ) | CASE NO.: CC-00-09 CIRCUIT CLERK, MARION COUNTY HAMILTON, ALABAMA 35570 |
| JASON DOOLEY, | ) | |
| DEFENDANT, | ) | |

### PETITION PURSUANT TO RULE 32 A.R.Cr.P

Comes now Thomas E. Drake, II for and on behalf of Jason Dooley, Petitioner and requests pursuant to Rule 32.1(f) that the Petitioner be granted an out-of-time appeal and as grounds asserts the following:

1.  Petitioner adopts by reference his previous Rule 32 Petition heretofore filed in it's entirety word for word.

2.  The Petitioner failed to appeal within the time prescribed from a denial/dismissal of his Rule 32 Petition previously filed and that the failure was without fault on the Petitioner's part.

3.  This Rule 32.1(f) request is filed within the 6 (six) months as allowed under the rules.

**WHEREFORE**, Petitioner requests an Order allowing the Petitioner an out-of-time appeal.

Thomas E. Drake, II    DRA 012
Attorney for Jason Dooley
419 2nd Avenue SW, Suite B
Cullman, Alabama 35055
(256) 739-9445

**FILED**

FEB 2 8 2006

CIRCUIT CLERK, MARION COUNTY
HAMILTON, ALABAMA 35570